IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEMCON TECH, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> QUALCOMM INCORPORATED and ) <br> QUALCOMM ATHEROS, INC., ) <br> ) <br> Defendant. ) | C.A. No. 12-251 (RGA) <br><br> **JURY TRIAL DEMANDED** |

## ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS ON BEHALF OF QUALCOMM, INC. AND QUALCOMM ATHEROS, INC.

Defendants and Counterclaim Plaintiffs Qualcomm, Inc. ("Qualcomm") and Qualcomm Atheros, Inc. ("Atheros") (collectively "the Qualcomm Parties"), by and through their undersigned counsel, answer the First Amended Complaint for Patent Infringement as follows:

### PARTIES

1. The Qualcomm Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis deny them.

2. Qualcomm admits that it is a Delaware corporation having a principal place of business at 5775 Morehouse Drive, San Diego, California 92121. Qualcomm admits that the Prentice-Hall corporations System, Inc. is its registered agent for service of process.

3. Atheros admits that it is a Delaware corporation having its principal place of business at 1700 Technology Drive, San Jose, California 95110. Atheros admits that Corporation Services Company is its registered agent for service of process. Atheros admits that it is a wholly owned subsidiary of Qualcomm.

## JURISDICTION AND VENUE

4. The Qualcomm Parties admit that Semcon's action purports to arise under the patent laws of the United States, Title 35 of the United States Code.

5. The Qualcomm Parties consent to personal jurisdiction solely for the purpose of this lawsuit. Except as expressly admitted, denied.

6. The Qualcomm Parties do not contest, solely for the purpose of this lawsuit, that venue is proper in this judicial district. Except as expressly admitted, denied.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 7,156,717

7. The Qualcomm Parties reallege their responses in paragraphs 1 through 6 above as though fully set forth in this paragraph.

8. The Qualcomm Parties admit that U.S. Patent. No. 7,156,717 ("the '717 patent"), states on its face that it was issued on January 2, 2007 and that it is entitled "[In] Situ Finishing Aid Control." The Qualcomm Parties deny that the '717 patent was duly and legally issued by the United States Patent and Trademark Office. The Qualcomm Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8, and on that basis denies them.

9. The Qualcomm Parties deny the allegations in Paragraph 9.

10. The Qualcomm Parties deny the allegations in Paragraph 10.

11. The Qualcomm Parties deny the allegations in Paragraph 11.

12. The Qualcomm Parties deny the allegations in Paragraph 12.

## DEFENSES

13. The Qualcomm Parties, without waiver, limitation, or prejudice, and expressly reserving the right to allege additional defenses as they become known through the course of discovery, hereby assert the following defenses:

### FIRST DEFENSE
(Noninfringement)

14. The Qualcomm Parties have not infringed and are not infringing any valid claim of the '717 patent literally or under the doctrine of equivalents.

### SECOND DEFENSE
(Invalidity)

15. The claims of the '717 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and/or 112.

### THIRD DEFENSE
(Failure to State a Claim)

16. Semcon's Complaint for Patent Infringement fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE
(Laches)

17. Semcon's claims are barred in whole or in part by the doctrine of laches.

### FIFTH DEFENSE
(Notice)

18. To the extent Semcon seeks damages for alleged infringement prior to its giving actual or constructive notice of the '717 patent, the relief sought by Semcon is barred by 35 U.S.C. § 287.

## SIXTH DEFENSE
(Government Contractor)

19. Plaintiff's infringement allegations are barred to the extent that they are based upon alleged infringing use or manufacture by or for the United States government pursuant to 28 U.S.C. § 1498(a).

## COUNTERCLAIMS

1. The Qualcomm Parties allege their Counterclaims for Declaratory Relief against Semcon as follows:

## PARTIES

2. Plaintiff Semcon has alleged in its Complaint that it is a Texas limited liability company having a principal place of business at 719 W. Front Street, Suite 242, Tyler, Texas 75702.

3. Counterclaim-Plaintiff Qualcomm is a Delaware corporation having its principal place of business at 5775 Morehouse Drive, San Diego, California 92121.

4. Counterclaim-Plaintiff Atheros is a Delaware corporation having its principal place of business at 1700 Technology Drive, San Jose, California 95110.

## JURISDICTION AND VENUE

5. The Qualcomm Parties' counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. This Court's specific and general personal jurisdiction in this judicial district is proper.

7. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c).

8. An actual, justiciable controversy exists between the Qualcomm Parties and Semcon concerning the infringement and validity of the claims of the '717 patent. Semcon, by its Complaint for Patent Infringement, has asserted that the Qualcomm Parties have infringed and are infringing one or more claims of the '717 patent. The Qualcomm Parties assert that they have not infringed and are not infringing any claims of the '717 patent. The Qualcomm Parties assert that the claims of the '717 patent are invalid. Absent a declaration of non-infringement and/or invalidity, Counterclaim Defendant Semcon will continue to wrongfully assert the '717 patent against the Qualcomm Parties, and thereby cause them irreparable injury and damage.

<u>COUNTERCLAIM</u>
(Declaration of Invalidity and Noninfringement
of U.S. Patent No. 7,156,717)

9. The Qualcomm Parties reallege and incorporate by reference each and every allegation contained in paragraphs 1-8 of their Counterclaims as though fully set forth herein.

10. The Qualcomm Parties have not infringed and are not infringing any valid claim of the '717 patent literally or under the doctrine of equivalents.

11. The claims of the '717 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including without limitation, Sections 101, 102, 103, and/or 112.

12. The Qualcomm Parties are entitled to judgment that the claims of the '717 Patent are invalid and not infringed by the Qualcomm Parties.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Qualcomm Parties respectfully request that this Court enter judgment:

A. Dismissing the Complaint for Patent Infringement with prejudice and ordering that Semcon take nothing;

B. In favor of the Qualcomm Parties and against Semcon on all claims in Semcon's Complaint for Patent Infringement;

C. In favor of the Qualcomm Parties on each of their Counterclaims against Semcon;

D. That the Qualcomm Parties have not infringed and are not now infringing the claims of the '717 patent;

E. That all claims of the '717 patent are invalid and/or unenforceable;

F. That this case is an exceptional case pursuant to 35 U.S.C. 285;

G. Ordering Semcon to pay all reasonable costs and attorneys' fees incurred in this action; and

H. Awarding the Qualcomm Parties be awarded all other relief the Court deems proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs hereby demand a trial by jury on all issues so triable.

OF COUNSEL:

KASOWITZ BENSON TORRES &
   FRIEDMAN LLP

Douglas E. Lumish
DLumish@kasowitz.com
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Tel. (650) 453-5170

Michael B. Eisenberg
MEisenberg@kasowitz.com
Robert P. Watkins III
RWatkins@kasowitz.com
1633 Broadway
New York, New York 10019
Tel. (212) 506-1700

June 4, 2012

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack Blumenfeld

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendants and Counterclaim-Plaintiffs*

7

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 4, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue<br>Suite 900<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| C. Michael Moore, Esquire<br>Robert J. Needham, Esquire<br>SNR DENTON US LLP<br>2000 McKinney Avenue<br>Suite 1900<br>Dallas, TX  75201-1858 | *VIA ELECTRONIC MAIL* |

_____
Jack B. Blumenfeld (#1014)