## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SEMCON TECH, LLC**<br><br>v.<br><br>**QUALCOMM INC.** | **Civil Action No. 12-251-RGA** |
| **SEMCON TECH, LLC**<br><br>v.<br><br>**FREESCALE SEMICONDUCTOR INC.** | **Civil Action No. 12-470-RGA** |
| **SEMCON TECH, LLC**<br><br>v.<br><br>**INTERNATIONAL BUSINESS MACHINES CORP.** | **Civil Action No. 12-530-RGA** |
| **SEMCON TECH, LLC**<br><br>v.<br><br>**INTEL CORP.** | **Civil Action No. 12-531-RGA** |
| **SEMCON TECH, LLC**<br><br>v.<br><br>**MICRON TECHNOLOGY INC.** | **Civil Action No. 12-532-RGA** |

| | |
|---|---|
| **SEMCON TECH, LLC** | |
| **v.** | **Civil Action No. 12-533-RGA** |
| **SAMSUNG ELECTRONICS CO LTD. ET AL.** | |

| | |
|---|---|
| **SEMCON TECH, LLC** | |
| **v.** | **Civil Action No. 12-534-RGA** |
| **TEXAS INSTRUMENTS INC.** | |

| | |
|---|---|
| **SEMCON TECH, LLC** | |
| **v.** | **Civil Action No. 12-691-RGA** |
| **XILINX INC.** | |

| | |
|---|---|
| **SEMCON TECH, LLC** | |
| **v.** | **Civil Action No. 12-1021-RGA** |
| **GLOBALFOUNDARIES US, INC., et al.** | |

## SCHEDULING ORDER

This 19th day of Sept , 2012, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b) with Semcon Tech LLC ("Plaintiff") and

Defendants in each of the nine (9) above-captioned cases (collectively, "Defendants") (Plaintiff

and Defendants are collectively referred to herein as the "parties"), and the parties having

determined after discussion that the matter cannot be resolved at this juncture by settlement,

voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     Rule 26(a)(1) Initial Disclosures.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within thirty (30) days of the date of this Order.

(a) The parties' initial disclosures shall further comply with Provision 3 of the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), as revised on December 8, 2011 ("Default Standard") and shall be served within thirty (30) days of the date of this Order.

2.     Discovery Coordination.

(a)     The parties propose to coordinate discovery in the nine (9) above-captioned cases where practicable. These nine cases are (1) Semcon Tech, LLC v. Qualcomm Inc., C.A. No. 12-251-RGA; (2) Semcon Tech, LLC v. Freescale Semiconductor Inc., C.A. No. 12-470-RGA; (3) Semcon Tech, LLC v. International Business Machines Corp., C.A. No. 12-530-RGA; (4) Semcon Tech, LLC v. Intel Corp., C.A. No. 12-531-RGA[1]; (5) Semcon Tech, LLC v. Micron Technology Inc., C.A. No. 12-532-RGA; (6) Semcon Tech, LLC v. Samsung Electronics Co. Ltd., et al, C.A. No. 12-533-RGA; (7) Semcon Tech, LLC v. Texas Instruments Incorporated, C.A. No. 12-534-RGA[2]; (8) Semcon Tech, LLC v. Xilinx Inc., C.A. No. 12-691-RGA; and (9) Semcon Tech, LLC v. GlobalFoundries USA, Inc., et al., C.A. No. 12-1021-RGA. Although proposing to coordinate discovery in these nine (9) cases where practicable,

---

[1] On September 10, 2012, Defendant Intel Corp. filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404. To the extent that this case is transferred to the United States District Court for the District of Oregon, the provisions set forth herein would not apply to either Plaintiff or to Defendant Intel Corp. with respect to any such transferred action.

[2] On August 3, 2012, Defendant Texas Instruments Incorporated filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404. To the extent that this case is transferred to the United States District Court for the Northern District of Texas, the provisions set forth herein would not apply to either Plaintiff or to Defendant Texas Instruments Incorporated with respect to any such transferred action.

- 3 -

Defendants expressly reserve, and do not waive, the right to seek separate trials on any and/or all issues to be resolved at trial.

(b)     Any submissions to the Court shall be filed in the specific case(s) to which they are believed in good faith to pertain.

(c)     For purposes of counting discovery requests and deposition hours, all Defendants in each case count as a single Defendant.

(d)     Except as modified below, or by subsequent Order, the Default Standard shall apply to each of the above-captioned cases.

3.     Initial Discovery in Patent Litigation.

(a)     Paragraph 4(a) of the Default Standard is modified as follows: Within thirty (30) days of the date of this Order, Plaintiff shall specifically identify the accused products, services, systems, apparatuses, processes, methods, acts or other instrumentalities ("Accused Instrumentality") of each Defendant and the claims of the asserted patent(s) allegedly infringed by each Defendant, and produce the file history for each asserted patent.

(b)     Paragraph 4(b) of the Default Standard is modified as follows: Within thirty (30) days of receiving Plaintiff's Paragraph 4(a) disclosures, each Defendant shall produce to Plaintiff core technical documents related to the Accused Instrumentality applicable to each Defendant, including but not limited to operation manuals, product literature, schematics, and specifications.

4.     Infringement Contentions.

Paragraph 4(c) of the Default Standard is modified as follows: Within thirty (30) days of receiving each Defendant's production of core technical documents, Plaintiff shall provide to Defendants an initial claim chart relating to each Accused Instrumentality to the asserted claims

- 4 -

that each instrumentality allegedly infringes. Such disclosure shall contain the following information:

(a)     Each claim of the patent-in-suit that is allegedly infringed by each Defendant;

(b)     Separately for each asserted claim, each Accused Instrumentality of each Defendant of which Plaintiff is aware. This identification shall be as specific as possible. Each system, apparatus, device, product, service, process, method or act must be identified by name, or number and function, if known. Each service, process or method must be identified by name and function, if known, or by any system, apparatus, or device which when used, allegedly results in the practice of the claimed method or process;

(c)     A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that Plaintiff contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d)     Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(e)     For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(f)     If Plaintiff wishes to preserve the right to rely, for any purpose, on the assertion that its own system, apparatus, device, service, process, method, act, or other instrumentality practices the claimed invention, the Plaintiff must identify separately for each asserted claim, each such system, apparatus, device, service, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

- 5 -

5. Invalidity Contentions.

Paragraph 4(d) of the Default Standard is modified as follows: Within thirty (30) days after receiving Plaintiff's preliminary infringement contentions, Defendants shall provide to Plaintiff their preliminary invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents). Such disclosure shall contain the following information:

(a)     The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U .S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b)     Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(c)     A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such Defendant

- 6 -

contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d)     Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

6.     Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties shall be filed on or before January 25, 2013. All motions to amend or supplement the pleadings shall be filed on or before March 29, 2013. Motions to join other parties filed after January 25, 2013 and motion to amend or supplement the pleadings filed after March 29, 2013 shall only be granted for good cause or when justice so requires.

7.     Discovery.

(a)     Fact and Expert Discovery Cut Offs. All fact discovery in this case shall be initiated so that it will be completed on or before September 27, 2013 provided, however, that all parties shall have a period of thirty (30) days for supplemental discovery in the event that the Court's Markman decision includes one or more claim constructions that are materially different than proposed by any party. Such supplemental discovery shall be conducted on an expedited basis. All expert discovery in this case shall be completed on or before January 17, 2014.

(b)     Document Production. Document production shall be substantially complete by July 30, 2013. The date may be extended by written agreement between the parties or by order of the Court for good cause shown.

(c)     ESI Meet and Confer. Paragraphs 3(a) and 3(b) of the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), as revised on December 8, 2011 ("Default Standard") are modified as follows: Within fourteen (14) days of the date that Defendants provide to Plaintiff their preliminary invalidity contentions for each

asserted claim, the parties will meet and confer telephonically regarding the amount of, the nature of, and/or the limits on ESI that may be subjected to discovery in each case. Within fourteen (14) days of this telephonic meet and confer, the parties shall either (a) file their agreement(s) on a procedure concerning the amount of, nature of, and/or limits on ESI that may be subjected to discovery in each case or (b) file competing proposals with disagreements noted for resolution by the Court. There shall be no email discovery until (a) an agreement is reached between the parties on a procedure concerning the amount of, nature of, and/or limits on ESI that may be subjected to discovery in each case and such agreement is filed with the Court or (b) the Court has issued an Order resolving the competing proposals submitted the by the parties, whichever occurs first.

(d)  Requests for Admission.  In each case, an unlimited number of requests for admission as to authenticity of documents are permitted. A maximum of 30 additional requests are permitted in each case for Plaintiff, and a maximum of 30 additional requests are permitted for each Defendant in each case.

(e)  Interrogatories.  A maximum of 25 interrogatories are permitted in each case for Plaintiff, and a maximum of 25 interrogatories are permitted for each Defendant in each case.

(f)  Depositions.

(i.)  Limitation on Hours for Deposition Fact Discovery.  Plaintiff may take a combined maximum of 441 hours of fact depositions across all nine (9) above-captioned cases[3], with no more than forty-nine (49) hours to be taken of any one Defendant (i.e., no more

---

[3] Should any of the nine above-captioned cases be dismissed after the issuance of this Order, then the combined maximum of 441 total hours of fact depositions shall be reduced by 49 hours per each dismissed case. But in no event shall Plaintiff have less than 70 total hours of deposition, nor shall a sole remaining defendant have less than 70 total hours of deposition in the event that all other defendants are dismissed.

than forty-nine (49) hours total deposition time collectively for a Defendant in each case and its past or current officers, employees, and agents). The Defendants may collectively take a combined maximum of 441 total hours of fact depositions across all nine (9) above-captioned cases, with no more than forty-nine (49) hours taken of Plaintiff (i.e., no more than forty-nine (49) hours total deposition time for Plaintiff and its past or current officers, employees, and agents). Each fact deposition is limited to a maximum of seven (7) consecutive hours. Third party depositions will count toward these limitations. Expert depositions will not count toward these limitations. These provisions may be amended by agreement of the parties or upon order of the Court upon good cause shown.

(ii.) The total combined deposition time by all Defendants of the inventor, Charles J. Molnar, individually (including as inventor) shall be no more than twenty-one (21) hours of deposition, and this twenty-one (21) hours shall not be counted in the forty-nine (49) hour limit related to deposition hours of Plaintiff referenced in paragraph 8(f)(i).

(iii.) If additional hours for deposition discovery become necessary, the parties shall meet and confer to try to reach agreement on the number of additional hours needed, and thereafter, if unable to reach agreement, the parties may seek modification of this provision by submission to the Court.

(iv.) Location of Depositions. The parties agree that in this case the depositions of party witnesses shall occur in the state where the witness's business office is located or at some other mutually agreeable location.

(v.) Limitation on Hours for Expert Deposition Discovery.

No later than forty-five (45) days before the date of the Markman hearing, the parties will meet and confer telephonically regarding the limits on hours for expert deposition discovery, if any. No later than thirty (30) days before the date of the Markman hearing, the parties shall

either (a) file their agreement(s) on a procedure regarding the limits on hours for expert deposition discovery, if any or (b) file competing proposals with disagreements noted for resolution by the Court.

(g)     Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a telephone conference. Unless otherwise ordered, by no later than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

(h)     E-Mail Service. The parties have consented in writing to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree that service on any party by email shall be made on both local and national counsel of that party. The parties also agree that, for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by service of a document, the additional 3 days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply, regardless of the manner of service.

- 10 -

(i)    Privilege.   The parties are not required to prepare privilege logs or

otherwise schedule documents withheld from production to the extent that they (1) relate to

activities undertaken in compliance with the duty to preserve information under Fed. R. Civ. P.

Rule 26(b)(3)(A) and (B), or (2) are withheld from production on the basis of privilege and/or

other exemption or immunity from production and are generated after the filing of the

Complaints. All other withheld documents must be logged in full compliance with Fed. R. Civ.

P. Rule 26(b)(5)(A), subject to the procedures of Paragraph 7(g) above.

8.    Application to Court for Protective Order.   Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions for the

disclosure of confidential information, counsel should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court within twenty (20) days from the date of

this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel

must follow the provisions of Paragraph 7(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the
> disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be
> relevant and subject to disclosure in another case. Any person or
> party subject to this order who becomes subject to a motion to
> disclose another party's information designated as confidential
> pursuant to this order shall promptly notify that party of the motion
> so that the party may have an opportunity to appear and be heard
> on whether that information should be disclosed.

9.    Papers Filed Under Seal.   When filing papers under seal, counsel shall deliver to

the Clerk an original and one copy of the papers. A redacted version of any sealed document

shall be filed electronically within seven days of the filing of the sealed document.

10.    Courtesy Copies.   The parties shall provide to the Court two (2) courtesy copies

of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e.,

appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

11.    Claim Construction Issue Identification.

Twenty-one (21) days after the Defendants serve their invalidity contentions, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. Twenty-one (21) days thereafter, the parties shall exchange initial proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. After exchanging those lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than February 25, 2013. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.    Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on March 18, 2013. The Defendants shall serve, but not file, their joint answering brief, not to exceed 30 pages, on April 15, 2013. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on May 6, 2013. The Defendants shall serve, but not file, their joint sur-reply brief, not to exceed 10 pages, on May 13, 2013. No later than May 17, 2013, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

- 12 -

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

    A.    [TERM 1]
        1.    Plaintiffs Opening Position
        2.    Defendants' Answering Position
        3.    Plaintiffs Reply Position
        4.    Defendants' Sur-Reply Position

    B.    [TERM 2]
        1.    Plaintiffs Opening Position
        2.    Defendants' Answering Position
        3.    Plaintiffs Reply Position
        4.    Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    13.    <u>Hearing on Claim Construction</u>. Beginning at 8:30 a.m. on June 7, 2013, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

    14.    <u>Disclosure of Expert Testimony</u>.

        a.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before October 18, 2013. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before November 15, 2013. Reply expert reports from the party with the initial burden of proof are due on or before December 9, 2013. No other expert reports will be permitted without either the consent of all parties or leave of the Court.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before January 17, 2014.

        b.     Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert* v. *Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      15.     Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before February 14, 2014. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

      16.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      17.     Trial Sequencing Conference. On a date to be announced, the Court will hold a Rule 16 conference to discuss the sequence in which the above-captioned cases shall be scheduled for trial. The parties shall file a joint proposed statement setting forth their positions regarding trial sequencing and scheduling no later than 5:00 p.m. on the third business day before the date of the sequencing conference.

      18.     Pretrial Conference. On a date to be announced, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the

- 14 -

parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

19.    Motions *in Limine*.  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Unless otherwise permitted by the Court, Plaintiff shall be limited to three *in limine* requests in each case, and each Defendant in each case shall be limited to three *in limine* requests.  Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single-one page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20.    Jury Instructions, Voir Dire. and Special Verdict Forms.  Pursuant to Local Rules 47.1(a)(2) and 51.1, the parties shall file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

21.    Trial. The first matter is scheduled for a  $\underline{TBD}$   -day jury trial on a date to be determined in May, 2014, with the subsequent trial days beginning at 9:30 a.m. Until the first matter is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

- 15 -

22.    <u>ADR Process</u>.  These matters are referred to a Magistrate Judge to explore the

possibility of alternative dispute resolution.


The Honorable Richard G. Andrews
United States District Judge